# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 18, 2010

## STATE OF TENNESSEE v. CATHERIN VAUGHN a/k/a KATHERINE FUNK

**Appeal from the Circuit Court for Rutherford County**
**No. F-59588    Don Ash, Judge**

---

**No. M2009-01166-CCA-R3-CD - June 14, 2010**

---

On March 13, 2007, Appellant, Catherin Vaughn, pled guilty in Rutherford County Circuit Court to child abuse of a child under the age of six. The trial court ordered her to serve three years on probation. On December 18, 2008, Appellant made several threatening comments about a juvenile court judge in front of the worker who was teaching Appellant parenting skills and anger management. These threats were reported to the police. As a result, on January 1, 2009, Appellant was arrested for retaliation for past actions against a judge. A probation violation warrant was filed against Appellant. The trial court held a probation violation hearing. At the conclusion of the hearing, the trial court determined that Appellant had violated her probation. The trial court revoked her probation and sentenced her to serve twenty-one days in incarceration and serve two more years on probation. Appellant appeals from the revocation of her probation. After a thorough review of the record, we conclude that the trial court did not abuse its discretion in revoking Appellant's probation. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., JOINED.

Mary Frances Parker, for the appellant, Catherin Vaughn a/k/a Katherine Funk.

Robert E. Cooper, Jr., Attorney General and Reporter, Lacy Wilber, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, and Laurel Hemenway, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

On March 13, 2007, Appellant pled guilty to child abuse of a child under the age of six. She pled guilty pursuant to Tennessee Code Annotated section 40-35-313 and was placed on judicial diversion. The trial court ordered her to serve three years on probation.

On January 1, 2009, Appellant was arrested for felony retaliation for past actions against a judge. On January 12, 2009, a probation violation report was entered citing the failure to obey the laws of Tennessee as the basis for violation. The trial court held a probation violation hearing on April 23, 2009.[1]

Angela Brown testified at the hearing. She worked for Realistic Interventions, and she taught Appellant parenting skills and anger management. On December 18, 2008, Ms. Brown visited Appellant and noticed that Appellant was "very upset" and "very aggravated" because of a visitation hearing she had that afternoon. Appellant was worried that she was going to lose her visitation rights. Appellant told Ms. Brown that if the judge took away her children, "that's exactly what she would do to the judge. Take away her children." Appellant told Ms. Brown that she had followed the judge home on several occasions and that she knew the judge had a daughter and a son. Ms. Brown asked Appellant what she was planning to do. In reply, Appellant told Ms. Brown if she wanted to be safe she should be at least 500 miles outside of Murfreesboro. Appellant told Ms. Brown that she and her husband knew all about explosives and had access to them.

When Ms. Brown left Appellant's house, she called her supervisor. She believed that Appellant was serious about her threat to the judge and wanted to ask her supervisor what to do. Later that day, Ms. Brown spoke with her supervisor, Marci Austin. Ms. Austin called the police to report Ms. Brown's meeting with Appellant.

Renee Robinson testified that she was acting as the guardian ad litem for Appellant's children. She had heard Appellant testify on numerous occasions in court and had heard Appellant state that she would see that the judge "got what she had coming to her." Ms. Robinson also stated that Appellant had made several threats against her. On December 18, 2008, someone broke into Ms. Robinson's house. She remembered that Appellant had previously threatened to burn down her house.

---

[1]The retaliation charge stems from threats made against a juvenile court judge, not the judge who conducted the probation revocation hearing.

Officer Terry Spence interviewed Appellant about Ms. Brown's assertions. Appellant told Officer Spence that she was angry, had followed the judge home, and knew what the judge's children looked like. She told him that he was harassing her and ordered him to get off of her property.

Detective Wayne Lawson took over the investigation at this point. He did not interview Appellant because of Officer Spence's experience. At the conclusion of the investigation, the indictment was presented to the Rutherford County Grand Jury and a true bill was returned.

Emily Williams has been Appellant's probation officer since March 2008. After Appellant was arrested for felony retaliation for past actions against a judge, she filed a probation violation warrant against Appellant. Ms. Williams asked Appellant if she had told Ms. Brown to be at least 500 miles outside of Murfreesboro. Appellant replied "Well, at least 200 miles." Appellant denied stating that she had followed the judge or that she knew what the judge's children looked like.

Following the hearing, the trial court determined that Appellant had violated the terms of her probation. The trial court revoked Appellant's probation and sentenced Appellant to serve two years on probation after serving twenty-one days in incarceration. Appellant filed a timely notice of appeal.

## ANALYSIS

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.*

It is generally recognized that in order to prevail in a revocation proceeding based upon allegations of criminal misconduct, the State must show by a preponderance of the

evidence that the defendant violated the law. *See State v. Michael Harlan Byrd*, No. 01C01-9609-CC-00411, 1998 WL 216859, at *7 (Tenn. Crim. App., at Nashville, May 1, 1998). The State need not show a conviction for the new offense, but it should show by a preponderance of the evidence that the defendant violated the law. *See State v. Andrew B. Edwards*, No. W1999-01095-CCA-R3-CD, 2000 WL 705309, at *3 (Tenn. Crim. App., at Jackson, May 26, 2000), *perm. app. dismissed*, (Tenn. Sept. 11, 2000).

Appellant argues that the trial court abused its discretion because the new charge of retaliation against past actions of a judge was the only basis for the violation and that Appellant had not violated any other provisions of her probation. In addition, Appellant argues that the trial court erred in revoking Appellant's probation because the revocation was based totally on hearsay statements.

First, we point out that the testimony presented would be admissible under an exception to the hearsay rule. Tennessee Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay statements are generally not allowed into evidence. Tenn. R. Evid. 802. However, the Tennessee Rules of Evidence provide for exceptions to the hearsay rule. *See* Tenn. R. Evid. 803 & 804. These exceptions have been carved out because they "bear sufficient indicia of reliability and trustworthiness to warrant admission." *State v. Henry*, 33 S.W.3d 797, 802 (Tenn. 2000).

The statements testified to by the witnesses were all statements made by Appellant to the witness who was testifying. Therefore, these statements would be admissible pursuant to Tennessee Rule of Evidence 803(1.2)(A), which provides a hearsay exception for a statement offered against a party that is "the party's own statement in either an individual or a representative capacity."

A new arrest and pending charges are proper grounds on which a trial court can revoke a defendant's probation, however a trial court may not rely on the mere fact of an arrest or an indictment to revoke a defendant's probation. *See State v. Harkins*, 811 S.W.2d 79, 83 n.3 (Tenn. 1991). A revocation on this basis requires the State to "produce evidence in the usual form of testimony" in order to establish the probationer's commission of another offense while on probation. *State v. Walter Lee Ellison, Jr.*, No. 01C01-9708-CR-00361, 1998 WL 272955, at *2 (Tenn. Crim. App., at Nashville, May 29, 1998); *see State v. Michael Chaney*, No. 01C01-9801-CC-00010, 1999 WL 97914, at *1 n.2 (Tenn. Crim. App., at Nashville, Feb. 18, 1999).

At the probation revocation hearing, the State presented evidence to support the revocation based upon Appellant's commission of retaliation for past action against a judge.

Ms. Brown testified that Appellant had told her that Appellant: had followed the judge home; knew that the judge had a son and a daughter; stated that she was going to take away the judge's children; she and her husband had access to explosives; and warned Ms. Brown to stay at least 500 miles away from Murfreesboro. Ms. Robinson testified that she had heard Appellant testify at many proceedings and had heard Appellant state that she would see that the judge "would get what she had coming to her." Officer Spence testified that Appellant told him that she was angry, had followed the judge home and that she knew what the judge's children looked like.

"A person commits the offense of retaliation for past action who harms or threatens to harm a . . . judge, . . . by any unlawful act in retaliation for anything . . . judge, . . . did in an official capacity . . . judge . . . ." T.C.A. § 39-16-510(a)(1). Clearly, the testimony of the witnesses at the hearing supports a finding that Appellant committed retaliation for past action against a judge.

Obeying the laws of Tennessee is clearly a provision of probation. By making a threat against the judge, Appellant clearly committed the offense and, therefore, violated her probation. The statute does not require a certain number of violations in order to support the revocation of probation. *See* T.C.A. § 40-35-310, -311. We conclude that there is substantial evidence in the record to support the trial court's conclusion that Appellant violated her probation.

Therefore, we find no abuse of discretion on the part of the trial court.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

-5-